UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**RAUL PADILLA-RUIZ,** *et al.***,**

    **Appellants,**

v.                                                                                                    No. 19-1156

**COMMUNICATION TECHNOLOGIES, INC.,**

    **Appellee.**

## MOTION FOR SUMMARY AFFIRMANCE AND DISPOSITION ON BRIEFS

COMES NOW the Appellee Communication Technologies, Inc. ("COMTek"), by counsel, and, pursuant to Local Rule 27(f), moves the Court for entry of an Order summarily affirming the judgment of the district court on the parties' briefs, and in support thereof states as follows:

1. The Appellants have waived any arguments that the district court erred in granting COMTek's motion for summary judgment because, as they failed in their brief in opposition to the motion for summary judgment, they have failed to sufficiently develop their arguments in their opening brief.

2. "A party waives an argument by failing to present it in its opening brief or by failing to 'develop [its] argument'—even if [its] brief takes a passing shot at the issue." *Grayson v. O Co. v. Agadir Int'l*, 856 F.3d 307, 316 (4th Cir.

2017) (quoting *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015)). To properly develop an argument, an appellant must state his "contentions *and the reasons for them*, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A) (emphasis added).

      3. A party must do more than cite authorities, but must present "substantive argument" in support of its position on appeal. *Lara-Orellanna v. Whitaker*, 752 F. App'x 153, 154 n.1 (4th Cir. 2019) (per curiam). The failure to provide "analysis of how [the cited authorities] would apply" represents the failure to present a challenge to the district court's decision "in any meaningful way." *Johnson v. United States*, 734 F.3d 352, 360 (4th Cir. 2013).

      4. Appellants in this case have failed to develop any arguments in support of their position that the district court erred in granting COMTek's motion for summary judgment.

      5. Appellants' argument in their opening brief is limited to the conclusory statement that "[t]he District Court erred" in granting COMTek's motion for summary judgment "without analyzing all the evidence submitted and contrary." Br. of Appellant p. 20. Appellants further state that "[t]here are series [sic] of facts established with reliable, uncontradicted, definite and competent evidence submitted by the Plaintiffs-Appellants." *Id.*

6. Appellants, however, never direct this Court to any specific facts or evidence in the record to develop these statements. Instead, they merely spend the next 20 pages quoting the Magistrate Judge's report and recommendation without offering any substantive argument or analysis of their own. Br. of Appellant pp. 21–41.

7. Appellants cannot substitute the Magistrate Judge's report and recommendation for their own argument. Moreover, the district court specifically reviewed the magistrate judge's report and recommendation, sustained COMTek's objection to it, overruled Appellants' objection, and entered summary judgment. Appendix p. 554. By merely reproducing the report and recommendation without offering any additional analysis, Appellants have utterly failed to present or develop any arguments as to how the district court's decision was erroneous.

8. Similarly, Appellants have failed to develop an argument that the district court erred in granting COMTek's motion for summary judgment with respect to the Puerto Rico tort law claims as being time barred due to abuse or bad faith of the Puerto Rico restart rule.

9. The district court's decision with respect to the Appellants' Puerto Rico tort claims was based on an analysis of the recognized exception that the Puerto Rico restart rule for statutes of limitation does not apply in cases where it has been "abused or used in bad faith." Appendix p. 552.

10. Appellants make no effort in their opening brief to address the district court's analysis. Instead, they merely cite authorities stating the general rule that a limitations period in Puerto Rico restarts when a matter is dismissed without prejudice. Br. of Appellant pp. 44–45. Appellants make no mention of the "abuse or bad faith" exception which formed the basis of the district court's decision, nor do they even attempt to address how they contend the district court erred in applying it to this case. *Id.* Appellants have therefore failed to develop an argument in support of their appeal.

11. Appellants' failure to develop their arguments in their opening brief is fatal to their appeal. *Grayson O Co.*, 856 F. 3d at 316 (an argument that is not developed in a party's opening brief is waived and cannot be developed for the first time in the reply brief).

12. Because the Appellants have waived their arguments by failing to develop them in their opening brief, the Court should dispense with oral argument and summarily affirm the district court.

WHEREFORE, COMTek, by counsel, respectfully moves this Honorable Court for entry of an Order dispensing with oral argument, summarily affirming the district court, and dismissing the appeal.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

COMMUNICATION TECHNOLOGIES, INC.

By:   /s/ *Adam B. Pratt*
Adam B. Pratt (VSB No. 89496)
KAUFMAN & CANOLES, P. C.
4801 Courthouse Street, Suite 300
Williamsburg, VA 23188
(757) 259-3800
(888) 360-9092 Facsimile
abpratt@kaufcan.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2019, a true copy of the foregoing motion will be filed with the Court's CM/ECF system, which will send notice of electronic filing to the following:

>Juan R. Rodriguez
>Court of Appeals No. 23562
>Rodriguez Lopez Law Offices, P.S.C.
>P.O. Box 7693
>Ponce, Puerto Rico 00732-7693
>*Counsel for Appellants*

/s/ *Adam B. Pratt*
Adam B. Pratt (VSB No. 89496)
KAUFMAN & CANOLES, P. C.
4801 Courthouse Street, Suite 300
Williamsburg, VA 23188
(757) 259-3800
(888) 360-9092 Facsimile
abpratt@kaufcan.com